Maniscalco & Nuccio, Plaintiff and Appellee, *v.* Manuel V. Domenech, (substituted by Rafael Sancho Bonet) Treasurer of Puerto Rico, Defendant and Appellant.

No. 6881. Argued April 29, 1936.—Decided May 7, 1937.

*B. Fernández García, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellant. *J. J. Ortiz Alibrán* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Maniscalco & Nuccio, the appellee, was a mercantile firm in Mayagüez engaged in buying and selling citrus fruits, principally oranges. As it did not voluntarily file a return of its income the Treasurer of Puerto Rico, after an investigation, made up a return for the years 1927, 1928 and 1929 wherein, for the taxable year included between August 1, 1926, and July 31, 1927, a benefit of $6,648.07 was found, for the year ending in 1928, $7,252.44, and for the year 1929, the sum of $7,252.44. For the year ending in July 1928, the Board of Review and Equalization determined that there were losses and that the firm had no tax to pay, but the board confirmed the taxes assessed by the Treasurer for the other two years amounting to $360.05 and $685.71, respectively. The firm paid the taxes under protest and brought suit against the Treasurer to recover the same. The District Court of San Juan upheld the taxes for the year 1926–1927 but ordered a return of $723.88 for the year 1928–1929. The People of Puerto Rico appealed.

The court held that the appellee did no business and received no benefits for the year 1928–1929 and hence was not bound to pay a tax. It is to be noticed that the Treasurer made an investigation pursuant to section 70 of Act No. 74 of 1925 (pp. 400, 534), and fixed the amount to be paid by applying a system of averages taken from the income re-

ceived between August 1929 and April 1930. The appellant in its first assignment of error complains that to overcome this finding the court below only took account of the evidence of a single witness, Felipe Maniscalco, one of the partners, who testified that the firm had suffered losses for the year.

The appellant says:

"(a) Because it was not shown that the procedure followed by the defendant was erroneous, arbitrary and illegal, and therefore, as the plaintiff had no books, the system used by the Treasurer was a *prima facie* valid one according to sections 14 and 70 of Act No. 74 of 1925, given that the testimony of one of the partners of the plaintiff to the effect that it suffered losses which he calculated from memory to be five or six thousand dollars, was not sufficient to destroy such validity. In fact, section 14 provides that if the taxpayer should not keep any accounting books, or if the method used was not clearly responsive to his income, the computation is to be made according to the system which, *in the Treasurer's opinion*, would so respond. If the computation made by the taxpayer, from memory, could be used as a basis for computing the tax, this provision of section 14 of Act No. 74 would be superfluous and so would the returns made by the Treasurer from his own knowledge.

"(b) The presumption of the validity of the return which was made on the Treasurer's own initiative and which fixed the net income of the plaintiff for the taxable year of 1928–1929 at $7,252.44, has not been rebutted, the court was bound to decide the case according to that presumption, pursuant to section 100 of the Law of Evidence in force (section 462 of the Code of Civil Procedure of 1933)."

We can see that what the Treasurer estimated as the tax made out a prima facie case, but did not give rise to any presumption in favor of the People other than the one that exists in any prima facie case. Even if a presumption exists the other party is entitled to rebut it. A question of the truth of Maniscalco's statements arose but the court was entitled to believe him. We shall develop this a little further on discussing the second assignment of error.

This was: "the judgment entered by the district court sustaining the complaint as to the second cause of ac-

tion alleged therein, is contrary to the pleadings and the evidence introduced.''

The first contention of the People here is that there was a change of theory or variance in the trial court. It is possibly true that the appellee went to trial, as appellant maintains, with the idea of proving that it suffered losses in the handling of the business of shipping fruits exclusively. The case was complicated by what the cyclone of 1928 had caused to the appellee, and it was shown that the appellee did little or no business in 1928–1929. The court primarily found and we agree that in accordance with the evidence of the appellee, Maniscalco & Nuccio, did no business in 1928–29 and likewise received no benefits. This by itself would tend to dispose of the case, and hence the alleged variance may be considered unimportant. But let us consider the supposed variance.

The words of the complaint were:

''The plaintiff alleges in addition that it is engaged in the purchase and sale of citrus fruits, principally oranges, and that it is especially engaged in the shipping and exporting of these fruits to the City of New York; and that sometime in September, 1928, Puerto Rico was swept by a cyclone which devastated the fruit crop and so damaged what was salvaged that the fruit arrived in very poor condition at the New York market, causing losses in the transactions thereby relieving the plaintiff from paying any income tax for the year 1929 and consequently the defendant having collected, unduly, the tax paid amounting to $723.88, which is the amount claimed under this second cause of action.''

At the trial, Maniscalco testified that the business of the firm died out in 1928–29 and that there were practically no transactions. He likewise went on to state that the warehouse where the firm kept its packing machinery and books etc., was destroyed along with other materials stored therein. It is not at all clear that the court relied on the losses sustained because of the destruction of the warehouse, to decide that Maniscalco & Nuccio were not required to pay a tax for

1928–29. The evidence is entirely consistent with a finding that the plaintiff firm received no benefits during that year, and that independently of that it suffered losses to its warehouse, etc. In that case the variance if any would be negligible.

However, no objection was made in the court below and the variance was either renounced or the complaint could be considered amended in accordance with the case of *People v. Heirs of Valdés,* 31 P.R.R. 213, and the others that have followed it.

Some doubt there might be as to the sufficiency of the evidence to show substantial damages to the warehouse but not enough to reverse the finding of the trial court.

The judgment should be affirmed.